# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E. BROWN, II,

        Petitioner,    :   Case No. 3:20-cv-113

  - vs -                      District Judge Douglas R. Cole
                               Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution,

                               :

        Respondent.

# ORDER TO FILE PETITION

This case is before the Court on Petitioner's Motion to Stay habeas corpus proceedings pending exhaustion of his state court remedies (ECF No. 1). In the Motion he represents that he is simultaneously filing a petition for writ of habeas corpus, but he has not actually done so.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

1

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

Before this Court can grant a stay under *Rhines*, it must actually have a pending petition. Accordingly, Petitioner Brown is ordered to file his petition immediately.

March 20, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge