# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E. BROWN, II,

                Petitioner,          :      Case No. 3:20-cv-113

    - vs -                                District Judge Douglas R. Cole
                                          Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution,

                                               :
              Respondent.

# REPORT AND RECOMMENDATIONS; ORDER DENYING MOTION TO STAY AS MOOT

      This habeas corpus case, brought *pro se* by Petitioner Larry E. Brown II, is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The case is also before the Court on Petitioner's Motion to Stay the case and hold it in abeyance pending his exhaustion of state court remedies (ECF No. 4).

      District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims

1

> first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

In his Petition, Brown represents that he was convicted of various counts of sexual misconduct on May 6, 2016, and sentenced on June 14, 2016 (Petition, ECF No. 3, PageID 6). On direct appeal he reports the conviction was affirmed. *State v. Brown*, 2017-Ohio-4231 (Ohio App. 12th Dist. Jun. 12, 2017). Brown did not appeal to the Supreme Court of Ohio (Petition, ECF No. 3, PageID 7, ¶ 9(g)). Instead, on August 22, 2017, he filed a petition for post-conviction relief in the Preble County Court of Common Pleas. *Id.* at PageID 8. That petition was denied September 6, 2017. *Id.*

On March 25, 2019, Brown filed a motion for new trial and a successive post-conviction petition in the Preble County Court of Common Pleas. *Id.* Both were denied the next day, March 26, 2019. *Id.* at PageID 9. On July 19, 2019, he filed an application to reopen his direct appeal to litigate a claim of ineffective assistance of appellate counsel. *Id.* That Application was denied September 19, 2019. *Id.* In terms of placing his claims before the Supreme Court of Ohio, Brown explains "[t]he first petition (2018-1413) and the third petition (2019-1480) were exhausted in the

Ohio State Supreme Court under the case numbers listed above. The second petion [sic] [Motion for New Trial and Successive Post-Conviction Petition] is still pending in the Twelfth District Court of Appeals." *Id.* at PageID 9. The pendency of this appeal is the reason Brwon gives for his Motion to Stay. *Id.* at PageID 11.

Paragraph 18 of the standard form for § 2254 Petitions asks a petitioner: If your judgment of conviction became final over one year ago. you must explain why the one-year statute of limitations as contained in 28 U.S. C. § 2244(d) does not bar your petition. Brown responded "This Petition is timely. the statute of limitations was tolled by the timely filed Post-Conviction Petition and it has been filed within one year of the judgement becoming final."

## Analysis

From the dates supplied by the Petitioner, the Magistrate Judge concludes the Petition is untimely and should be dismissed on that basis.

The one-year statute of limitations on habeas corpus cases was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). The statute was codified at 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying § 2244 to the facts of this case, the Magistrate Judge notes that the conviction was affirmed on direct appeal June 12, 2017. Because Brown did not appeal to the Supreme Court of Ohio, his conviction became final on direct appeal when his time to appeal to that court expired forty-five days after the judgment in the Twelfth District, or on July 27, 2017, and the time to file for habeas corpus began to run on that date. It expired July 28, 2018, unless it was tolled (interrupted) by the proper filing of a state collateral attack on the judgment. § 2244(d)(2).

Petitioner filed his first post-conviction on August 22, 2017. The Ohio courts treated it as properly filed, so the statute of limitations was tolled on August 22 after it had run for twenty-five days. It began to run again December 26, 2018, when the Supreme Court of Ohio declined appellate review in Case No. 2018-1413. *State v. Brown*, 154 Ohio St. 3d 1464 (2018)

An application to reopen direct appeal under Ohio R. App. P. 26(B) is also a collateral attack on a criminal judgment and will also toll the statute if properly filed. Brown's 26(B) Application was filed July 19, 2019. Ohio R. App. P. 26(B) requires an application to be filed within ninety days of journalization of the appellate judgment sought to be reopened. Since the

conviction was affirmed on direct appeal on June 12, 2017, Brown's time to file under 26(B) expired September 10, 2017, and his filing was almost two years late.

A petition for post-conviction relief under Ohio Revised Code § 2953.21 must be filed within 365 days of the date the transcript is prepared. As noted above, Brown's initial post-conviction petition was apparently properly filed and tolled the statute until December 26, 2018. Ohio permits the filing of successive post-conviction petitions only in very narrow circumstances. In this case the Twelfth District Court of Appeals has determined that Brown does not fit those circumstances because he failed to prove he was "unavoidably prevented from discovering the facts necessary to assert his claim for relief." *State v. Brown*, 2020-Ohio-971 (Ohio App. 12th Dist. Mar. 16, 2020). Because Brown's successive petition under Ohio Revised Code § 2953.23 was not "properly filed," it did not toll statute.

The same is true of Brown's motion for new trial. A motion for new trial may count as a collateral attack on a judgment which, if "properly filed," will toll the statute of limitations. In Ohio criminal practice, a motion for new trial based on newly-discovered evidence may be filed as a matter of right not later than 120 days after verdict. Ohio R. Crim. P. 33(B). After that a defendant must obtain leave of court to file a motion for new trial. *Id.* Brown filed his motion for leave to file a motion for new trial on March 25, 2019, almost three years after the verdict. He never received leave to file his new trial motion and the Twelfth District has affirmed denial of that motion. *State v. Brown*, 2020-Ohio-971 (Ohio App. 12th Dist. Mar. 16, 2020).
Because Brown's 26(B) Application, his successive post-conviction petition, and his motion for leave to file a new trial motion were all untimely, they were not "properly field" within the meaning of 28 U.S.C. § 2244(d)(2). In *Artuz v. Bennett*, 531 U.S. 4 (2000), Justice Scalia wrote for a unanimous court:

5

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, (footnote omitted) the court and office in which it must be lodged, and the requisite filing fee. ... [T]he question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

531 U.S. at 8.

Therefore the statute of limitations in this case expired December 1, 2019, 340 days after it started to run again on December 26, 2018. Petitioner did not file this case until March 20, 2020[1], almost ninety days after the statute expired.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations. In light of that recommendation, the Motion to Stay is denied as moot. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

The Clerk shall serve a copy of this Report on Petitioner and on Brian Higgins at the Office

---

[1] Actually, Petitioner filed only his original Motion to Stay on March 20, but the Magistrate Judge believes that is sufficient to toll the statute since he promptly complied with the Court's Order to file a petition as well.

of the Ohio Attorney General.

March 31, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.