# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E. BROWN, II,

        Petitioner,    :    Case No. 3:20-cv-113

  - vs -                      District Judge Douglas R. Cole
                                    Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution,

                                  :
        Respondent.

## DECISION AND ORDER ON RECONSIDERATION

This habeas corpus case, brought *pro se* by Petitioner Larry Brown under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Reconsider (ECF No. 30) the Court's denial of his prior Motion to Stay this case and hold it in abeyance pending the outcome of a motion for new trial to be filed in the Preble County Court of Common Pleas sometime in the next ninety to 120 days (i.e. not later than July 30, 2021)(ECF No. 28). The current posture of this case, absent a stay, is that it would be ripe for decision when Petitioner files his reply on May 14, 2021, at the end of a ninety-day extension of the time for reply previously set (See ECF No. 27).

In seeking a stay, Petitioner relied on *Rhines v. Weber*, 544 U.S. 269 (2005), where the Supreme Court recognized the authority of District Courts to stay habeas corpus cases to allow exhaustion, but also held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay

1

> and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278.

Petitioner claimed that there is new evidence to support a new trial to be found in the records of the case of *Britney Hager v. Scott Vosler, et al.,* Case No. 18 CV 031518, pending in the Court of Common Pleas of Preble County and alleging, as best the Magistrate Judge can tell from the documents filed by Petitioner, that Dr. Vosler knew of the child sexual abuse at issue in this case and, although a mandatory reporter, did not report it to the required public authorities. Although that case has been pending for the better part of three years, Petitioner avers that he only recently discovered its pendency and has gradually been receiving documents from the case obtained by him from counsel whom he has retained for that purpose.

The Court denied the stay for three reasons. First, the Preble County Court of Common Pleas had not yet accepted Brown's new trial motion. In fact, he had not yet filed it. Second, Brown had not shown that the documents in question were in fact material which should have been produced under *Brady v. Maryland*, 373 U.S. 83 (1963). Third, Brown's Motion assumed, incorrectly, that because this Court could take judicial notice of records in the *Hager* case, that

those records would be admissible in evidence in this habeas case (Decision, ECF No. 29., PageID 1676-77).

Brown now renews his Motion to Stay and claims he has received yet more *Brady* material and that there is more to come (ECF No. 30, PageID 1678).  He acknowledges that he has not yet filed the motion for new trial.  *Id.* at PageID 1682.

The Court is not persuaded that its prior Decision was in error.  Petitioner has filed two prior motions for new trial in the Preble County Court of Common Pleas, both of which have been denied with the denials affirmed on appeal.   Both of those motions involved *Brady* claims.  Because Ohio has no absolute time or number limit on motions for leave to file delayed motions for new trial, it is theoretically possible for a defendant to continue to file such motions indefinitely.  This Court has no desire to intrude on Petitioner's rights under Ohio R. Crim. P. 33; he is free to seek relief from the Preble County Court as he projects doing.  That Court having tried the criminal case in the first instance is in a better position than this Court to decide whether whatever Petitioner now wants to present would have made a difference.

However, the possibility of such a delayed motion for leave to file a motion for new trial is not good cause under *Rhines v. Weber*, 544 U.S. 269 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings.  *Id.* at 277-278.  The requirement of exhausting state court remedies was not intended to empower a habeas petitioner to delay decision on his petition by filing repeated state court proceedings when he has had ample opportunity to exhaust in the past.

When Brown files his proposed new motion for leave to file a delayed motion for new trial, the Preble County judge will have an opportunity to decide whether Brown has been sufficiently diligent to warrant consideration of yet another new trial motion.  If Preble County accepts the

3

new trial motion, this Court is prepared to reconsider at that time whether to stay this matter. However at present Respondent has filed a Return of Writ which raises significant procedural defenses to Brown's claims to which he must respond in his reply/traverse. Brown has been given a significant extension of time to file that document and it is now due by May 14, 2021. Petitioner is encouraged to focus on the issue raised by Respondent's Return. His renewed motion to stay is DENIED.

April 9, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge