IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LARRY E. BROWN, II,

        Petitioner,    :    Case No. 3:20-cv-113

 - vs -    District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution,

        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

    This habeas corpus case, brought *pro se* by Petitioner Larry Brown under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 44) to the Magistrate Judge's Report and Recommendations recommending dismissal of the case (the "Report," ECF No. 43). The Warden has responded to the Objections (ECF No. 45) and District Judge Newman has recommitted the case for reconsideration in light of the Objections (ECF No. 46).

    The Report concluded that all Brown's Grounds for Relief were procedurally defaulted except his claim that he received ineffective assistance of trial counsel when his trial attorney, James Thomas, failed to present evidence related to barium poisoning (Report, ECF No. 43, PageID 2116-17).

    Petitioner's Objections proceed for seventy-three pages without any subheads or other organizing features, but are primarily devoted to claiming error in the Report's procedural default analysis. This Supplemental Report thus proceeds to consider the Objections *seriatim*.

1

Brown begins his Objections by asserting the Court should accept all the factual allegations he has made about deficient attorney performance because those facts "were never attacked as not being true" (ECF No. 44, PageID 2125).  As authority for this proposition, he relies on *Agan v. Dugger*, 835 F.2d 1337 (11th Cir. 1987), which Brown says held a district court must accept all well-pleaded facts in a complaint as true.  The language which Brown purports to quote from *Agan* does not appear anywhere in that opinion.  And it has never been the law that a habeas court must accept as true all factual allegations made by a petitioner in post-conviction proceedings.  Rather we are bound to accept findings of fact made by the state courts unless a petitioner rebuts the presumption those findings are correct by clear and convincing evidence.  28 U.S.C. § 2254(e).

Petitioner continues with innumerable assertions of fact which are not backed up by any reference to the State Court Record.  For example, on the second page of the Objections, he asserts "Petitioner was ordered to give Nicole all of his SSDI, $1,250.00 a month, and the children's check of $750.00." (PageID 2126).  No record reference at all is given for this factual assertion.  If a litigant relies on factual assertions shown by the State Court Record, the local Rules of this Court require that he provide a citation to the record.  S. D. Ohio Civ. R. 7.2(b)(3).  On the other hand if factual assertions are not backed up by record citations and are essentially new factual allegations a litigant wants the Court to accept as fact, we cannot receive new evidence on the merits in habeas corpus cases.  *Cullen v. Pinholster*, 563 U.S. 170 (2011).

The Report concluded Brown had procedurally defaulted his direct appeal claims by not appealing to the Ohio Supreme Court (ECF No. 43, PageID 2106).  Brown again asserts, as he did in his Reply, that Attorney Christopher Pagan was paid and instructed to do so, but he offers no proof, just his own bare allegation.

The Report concluded Brown's claims of ineffective assistance of appellate counsel made in his Application for Reopening were procedurally defaulted because the Twelfth District Court of Appeals found the Application was extremely untimely (ECF No. 43, PageID 2112). Brown objects by citing 1994 Ohio appellate decisions saying the Ohio courts had not reached a consensus on what constituted good cause for filing late (Objections, ECF No. 44, PageID 2130). While that may have been true in 1994, the situation had changed by the time Brown's 26(B) application was filed in July 2019 and indeed many years before that. The Sixth Circuit has held:

> This court's precedents guide our application of the *Maupin* test for procedural default when a Rule 26(B) motion has been denied for untimeliness. By the time Hoffner filed his Rule 26(B) motion in June 2006, "it was well established that claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals." *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (considering whether Rule 26(B) was an independent and adequate state procedural rule as of May 1998). Since at least 1996, Ohio law has provided sufficient guidance on what constitutes a "good cause" for a late filing under Rule 26(B). *Id*. at 578. Furthermore, as of January 1996, "the time constraints of Rule 26(B) were firmly established and regularly followed." *Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008) (discussing *Fautenberry v. Mitchell*, 515 F.3d 614, 641 (6th Cir. 2008)) (emphasis omitted). Although we have, in prior cases, found Rule 26(B) not to be an adequate and independent ground on which to find procedural default, those precedents are not applicable here because Rule 26(B) was firmly established and regularly followed by June 2006. n4 See id. at 862 (applying the "firmly established and regularly followed" requirement "as of the time Rule 26(B) was to be applied"). Thus, we conclude that Hoffner has procedurally defaulted his claims of ineffective assistance of appellate counsel.

*Hoffner v. Bradshaw*, 622 F.3d 487, 504-505 (6th Cir. 2010).

Brown also argues the State waived any timeliness objection by not responding to the 26(B) Application, but cites only precedent about the waiver of affirmative defenses by not pleading

3

them (Objections, ECF No. 44, PageID 2130). While it is true generally that an affirmative defense to a claim in a complaint is lost by not timely filing it, that is not true of the enforcement of other deadlines. Put another way, lack of timely filing of a 26(B) application is not an "affirmative defense." Brown cites no precedent to the effect that Ohio courts of appeals may not enforce time limits on filing 26(B) applications in the absence of State opposition.

Brown then spends the next five pages arguing how asserted inconsistencies between the victim's oral testimony and her notebooks prove he is actually innocent (PageID 2131-35). The victim was vigorously cross-examined. Thereafter it was for the jury to resolve any inconsistencies in the testimony.

After this portion of the Objections, Brown repeats, almost verbatim, his argument about the timeliness of his 26(B) application (PageID 2135-39).

Brown then writes at length against the Twelfth District's conclusion that his argument about an allegation of sexual misconduct on the property of Dan Day was barred by *res judicata* from being considered in Brown's first post-conviction proceeding (PageID 2139-45). Brown's argument is that the Affidavit of Dan Day which supported his post-conviction petition did not exist before that motion was filed. Since it is material outside the appellate record, Brown claims the benefit of the rule that when an ineffective assistance of trial counsel claim depends on such material, the claim is not barred by *res judicata*.

The difficulty with this argument is that it assumes, contrary to the Twelfth District's finding, that the Day Affidavit was necessary to support the ineffective assistance of trial counsel claim. Rather, the Twelfth District concluded the claim was available on direct appeal because it was known to both Brown and his trial attorney and the substance of the claim, albeit not the Day Affidavit itself, was available on direct appeal from the argument made in favor of the motion for

4

new trial.  The *State v. Perry res judicata* rule would have little utility in promoting finality in criminal cases if it could be avoided by presenting some additional evidence in post-conviction.  The question is not whether all the possible evidence on an ineffective assistance of trial counsel claim was available on direct appeal, but whether the claim itself could have been presented and decided.

Brown next asserts it would be a miscarriage of justice to apply Ohio's *res judicata* doctrine to his ineffective assistance of trial counsel claim as the court of appeals did (Objections, ECF No. 44, PageID 2135).  The Court does not have authority to apply a free-floating perception of miscarriage of justice exception to procedural default doctrine.  The Sixth Circuit has repeatedly held that Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *see also Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Brown did not appeal from the Court of Appeals to the Ohio Supreme Court.  He claims attorney Christopher Pagan was paid to file the appeal and did not do so.  The Report noted this claim was unsupported by any evidence.  Brown objects that this Court is bound to accept his statements of fact, made in a pleading, as true (Objections, ECF No. 44, PageID 2136, *citing Agan v. Dugger*, 835 F.2d 1337 (11th Cir. 1987)).  As noted above, the language Brown purports to quote from *Agan* does not appear in that opinion, nor does the opinion contain, as Brown represents it does, a citation to *Haines v. Kerner*, 404 U.S. 519 (1972). In *Agan* the Eleventh Circuit held a death row inmate was entitled to a federal habeas evidentiary hearing on his claim of incompetence

to stand trial and ineffective assistance of trial counsel applying the standard of *Townsend v. Sain*, 372 U.S. 293, 313 (1963). *Townsend* was effectively eliminated as controlling precedent by *Wainwright v. Sykes*, 433 U.S. 72 (1977), by § 2254(e) of the AEDPA in 1996, and then by *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Brown then turns to another lengthy discussion of why his 26(B) Application was timely (Objections, ECF No. 44, PageID 2136-39.) No further analysis of this argument is needed beyond what is provided in the original Report.

Brown next objects to the Report's conclusion, adopting that of the trial court and the Twelfth District Court of Appeals, that the claims raised in Brown's petition for post-conviction relief were barred by *res judicata* because they could have been raised on direct appeal (Report, ECF No. 43, PageID 2113-14). Brown objects that when a state court misapplies its own law of *res judicata*, the resulting procedural default is excused (Objections, ECF No. 44, PageID 2139-40, citing *Davis v. Bradshaw*, 900 F.3d 315 (6th Cir. 2018). The *Davis* Court upheld the lower federal court's reliance on a state court finding of procedural default, but noted its own prior decision in *Post v. Bradshaw*, 621 F.3d 406 (6th Cir. 2010), that "when a state erroneously relies upon its own rule of procedural default, the [habeas] claim is not barred." *Id.* at 423. *Post* does indeed support that general proposition, citing prior Sixth Circuit law to that effect, *Hill v. Mitchell,* 400 F.3d 308, 314 (6th Cir.2005), and *Greer v. Mitchell,* 264 F.3d 663, 675 (6th Cir.2001)). But Brown does not present a convincing case that the Twelfth District erred in applying Ohio *res judicata* law. The Twelfth District expressly found that

> the record reflects the substance of the Day Evidence and trial counsel's failure to present it at trial or to seek a continuance or recess of the trial to investigate B.H.'s surprise claim that Brown sexually abused her at Day's property. Therefore, Brown raised or could have raised the issue on direct appeal.

6

(*State v. Brown*, Case No. CA2017-09-10 (12th Dist. Aug. 20, 2018), copy at State Court Record, ECF No. 23, Ex. 26, ¶ 22). An Ohio habeas litigant cannot avoid operation of the Perry *res judicata* rule by simply adding some new evidence to the record. In this instance we do not have speculation by an outside court as to what could have been decided on direct appeal. Instead, the very court which had before it the record in question decided it could have considered this question about the Day evidence on that record. Here the trial attorney summarized the Day evidence in arguing for a new trial and it is not evident that Day's affidavit changed this issue materially.

At PageID 2152, Brown makes an actual innocence claim to excuse his procedural defaults. However, he adverts to no new evidence of the type or quality required for proving actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995).

Brown then turns to discussing the Twelfth District's decision on appeal from denial of his motion for new trial (Objections, ECF No. 44, PageID 2152, e*t seq*.) Brown responds at great length to the Twelfth District's decision, but the gravamen of that decision is that Brown had not proven he was unavoidably prevented from gathering the new evidence within the time allowed by Ohio law (120 days) for filing a motion for new trial or the claims were barred by *res judicata* (*State v. Brown*, Case No. CA2019-04-006 (12th Dist. Mar. 16, 2020), copy at State Court Record, ECF No. 23, Ex. 44). Brown argues that the Twelfth District reached the merits of the underlying claims and they are thus preserved for merits review in this Court. That is a mischaracterization of what occurred. To the extent the Twelfth District discussed the claims, it was to show that they could have been discovered earlier or that they could in fact have been presented on direct appeal.

Petitioner concludes by saying that due process requires he be given an opportunity to be heard (Objections, ECF No. 44, PageID 2195). Petitioner's claims have been repeatedly heard by the Ohio courts. His entitlement to further hearing in this Court is governed by procedural default

doctrine.  As the Report concluded, all of Brown's claims except the barium poisoning ineffective assistance of trial counsel claim are barred by procedural default.  As to this latter claim, the judge who tried the case after Brown waived a jury trial found the barium poisoning evidence had little value and the decision not to present it was a reasonable trial tactic.  Brown invites us, as he did the Twelfth District, to engage in the "hindsight" forbidden by *Strickland v. Washington,* 466 U.S. 668 (1984), and imagine that the trier of fact who says he would not have been persuaded would in fact have been persuaded.

Brown's Objections do not show that the Report contains clearly erroneous findings of fact or errors of law.  It is therefore respectfully recommended that the Objections be overruled and that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 6, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.