# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E. BROWN, II,

        Petitioner,        :        Case No. 3:20-cv-113

  - vs -                                 District Judge Michael J. Newman
                                       Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution,

                                        :
        Respondent.

## REPORT AND RECOMMENDATION ON MOTION FOR RECONSIDERATION

        This habeas corpus case, brought *pro se* by Petitioner Larry Brown under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Reconsideration (ECF No. 63).  Reconsideration of a final judgment is governed by Fed.R.Civ.P. 59(e) and this Motion is timely filed under that Rule.  As a post-judgment motion, it is deemed referred to the assigned Magistrate Judge for a report and recommendation rather than a decision in the first instance.

        For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling

1

> constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id*. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id*. In ruling on a Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)."

Petitioner seeks reconsideration of District Judge Newman's Order and Entry of May 9, 2022 (ECF No. 59). In that Order, Judge Newman adopted the Magistrate Judge's two Reports and Recommendations, the "Original Report" (ECF No. 43) and the "Supplemental Report" (ECF No. 47). The Original Report set out Petitioner's four Grounds for Relief with their sub-claims

2

2254(d) and concluded, as Respondent had argued, that all of those claims were procedurally defaulted except the claim in Brown's first petition for post-conviction relief that his trial attorney provided ineffective assistance of trial counsel when he failed to present the so-called Barium Poisoning Evidence (Original Report, ECF No. 43, PageID 2106-17). As to that claim, the Original Report found that the decision of the Twelfth District Court of Appeals in rejecting the claim on the merits was entitled to deference under 28 U.S.C. §§ 2254(D)(1) and (2). *Id.* at PageID 2117-2122. On recommittal the Magistrate Judge held to those conclusions (Supplemental Opinion, ECF No. 47, PageID 2219). Judge Newman adopted those proposed conclusions without modification.

In seeking to amend the Decision, Brown does not identify any clear error of law, newly discovered evidence, change in the law, since the Decision was rendered, or manifest injustice which requires amendment. Instead he begins his argument:

> The State used False Sheriff Reports to Dissuade a material witness from testifying in favor of Petitioner. (Report, Doc. No.23, PageID537-541) And Falsified Another Sheriff Report about the original false report. (Report, Doc. No.23, PageID609) And Falsified an Affidavit about talking to Dana Day (Dana hereafter) about the false report. And trial counsel, Jim Thomas, (Thomas hereafter) was ineffective for not proving them false instead of having them being ruled to [sic] old. (Thomas' Motion, Doc. No.23, PageID618-620) This was ineffective assistance showing "cause and prejudice" for the procedural default.

(Motion, ECF No. 63, PageID 2351).

**This is not a new argument.** In his Motion for Leave to File a Motion for New Trial, Brown wrote

> The State used False Sheriff Reports to Dissuade a material witness from testifying in favor of Petitioner. (Report, Doc. No.23, PageID537-541) And Falsified Another Sheriff Report about the original false report. (Report, Doc. No.23, PageID609) And Falsified an Affidavit about talking to Dana Day (Dana hereafter)

3

> about the false report. And trial counsel, Jim Thomas, (Thomas hereafter) was ineffective for not proving them false instead of having them being ruled to [sic] old. (Thomas' Motion, Doc. No.23, PageID618-620) This was ineffective assistance showing "cause and prejudice" for the procedural default.

(Motion, State Court Record, ECF No. 23, Ex. 37, PageID 535, filed March 25, 2019).  Brown then repeats his original grounds for relief (ECF No. 63, PageID 2351-53).  But the legal point of a motion to amend under Fed.R.Civ.P. 59(e) is to bring to the Court's attention clear legal errors or new evidence, not to reargue claims the Court has already considered and rejected.  The Court did not reject any claim on the merits (except for the Barium Poisoning Claim), but rather upheld the State's procedural default defense.

Brown argues at length the merits of his various grounds for relief (Motion, ECF No. 67, PageID 2356-70), but the Court did not reach any claims on the merits except the Barium Poisoning Claim which Brown does not argue in his Motion for Reconsideration.

In the instant Motion, Brown objects to the following statement from the Supplemental Report:

> Brown argues that the Twelfth District reached the merits of the underlying claims and they are thus preserved for merits review in this Court. That is a mischaracterization of what occurred. To the extent the Twelfth District discussed the claims, it was to show that they could have been discovered earlier or that they could in fact have been presented on direct appeal.

(Motion for Reconsideration, ECF No. 63, PageID 2355, quoting Supplemental R&R, ECF No. 47, PageID 2218).  Brown's objection **now** is:

> This is false, the Appeals Court stated: "we will address Brown's arguments out of order." (Opinion, Doc. No.23, PageID949 P41) The Appeals Court overlooked the procedural default and addressed the issues of the petitioner, and once the issues have been addressed the procedural bar is removed.

*Id.*  But Brown already made this objection in his Objections to the Supplemental Report (ECF

4

No. 55, PageID 2252). District Judge Newman overruled this objection (ECF No. 59). Brown is now rearguing the same objection, which is improper in a Rule 59(e) motion, but also without merit.

To be clear, Doc. No. 23 is the State Court Record filed in this case, also referred to as ECF No. 23; PageID 949 is part of Exhibit 44 in the State Court Record which is the March 16, 2020, opinion of the Twelfth District Court of Appeals affirming the denial of Brown's Motion for New Trial and dismissal of his successive post-conviction petition (See ¶ 1, PageID 942). Brown raised fourteen Assignments of Error. *Id.* at ¶ 5. The Twelfth District overruled all of Brown's assignments of error because the claims he had made in his motion for new trial and successive petition for post-conviction relief were untimely (i.e. he had not shown he was unavoidably prevented from discovering them within the ordinary time for a motion for new trial or a post-conviction petition or they were barred by *res judicata)*. In doing so it was affirming procedural bars to relief found by the trial court. With respect to the Barium Poisoning Claim, the Twelfth District held it was barred by *res judicata* and also that the evidence was not newly discovered. Those are procedural default rulings, not merits rulings. Thus there was no clear error of law in Judge Newman's adoption of the Report and Supplemental Report on this point.

Brown challenges the reasonableness of the Ohio courts finding his new trial and successive post-conviction petition were untimely by arguing he did not receive the affidavits on which they were based until November 17, 2018 (Motion, ECF No. 63, PageID 2314). The two filings in question were made March 25, 2019 (State Court Record, ECF No. 23, Exs. 37, 38). The trial judge found the facts in question were known by Brown at the time of trial and therefore barred by *res judicata* and/or were not newly-discovered (Entry, State Court Record, ECF No. 23, PageID 856). Instead of arguing how Judge Newman was wrong in accepting that conclusion,

Brown merely reargues the underlying facts. That is, again, outside the proper scope of a Rule 59(e) motion.

Regarding his claim that he received ineffective assistance of trial counsel because the State offered a plea deal and trial counsel never presented it to Brown, Petitioner asserts the Twelfth District decided this claim on the merits, stating "The Appeals Court addressed the merits of the error and never applied a procedural bar to the issue. This Opinion was an unreasonable determination of the facts presented. . ." and citing State Court Record, Ex. 44, ¶ 49. Once again, the Magistrate Judge notes that Ex. 44 is a decision upholding the trial court's application of procedural default to this claim, and not a decision on the merits. More to the point, Judge Newman's decision already upheld application of the procedural default over Brown's prior objections. Here again is a mere reargument instead of a showing of clear legal error in Judge Newman's decision.

Under Reason 3 at the conclusion of his Motion, Brown argues his *pro se* status constitutes good cause to excuse his late filing of his 26(B) Application for Reopening (Motion, ECF No. 63, PageID 2368, citing *White v. Schotten,* 201 F.3d 743 (6th Cir. 2000)). *White v. Schotten* has been expressly overruled by the Sixth Circuit, sitting en banc. *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005). Therefore *White* is no longer good law.

In his argument under Reason 3, Brown contends the only physical evidence at trial was a handwritten notebook kept by the victim which purportedly shows she has over thirteen at the time of the offense and thus Brown is actually innocent (Motion, ECF No. 63, PageID 2368-69). Brown asserted his actual innocence in his Application for Delayed Reopening under Ohio R. App. P. 26(B) as an excuse for filing that Application late (State Court Record, ECF No. 23, Ex. 31, PageID 469-74). He made the same argument about actual innocence to the Twelfth District as he makes now in his Motion for Reconsideration. The Court of Appeals found the 26(B) Application

untimely by many months[1] and "In addition, a claim of actual innocence does not excuse an untimely filed application for reopening. *State v. Ware,* 8th Dist. No. 106176, 2019-Ohio-146." (Entry, State Court Record, ECF No. 23, Ex. 32, PageID 499). Brown brought his actual innocence claim forward to this Court to excuse his procedural defaults and the Magistrate Judge concluded "At PageID 2152 [of his Objections to the Original Report], Brown makes an actual innocence claim to excuse his procedural defaults. However, he adverts to no new evidence of the type or quality required for proving actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995)" ("Supplemental Report", ECF No. 47, PageID 2218). In his instant Motion, Brown does not cite any place in his Objections to the Supplemental Report where he objected to this conclusion which has now been adopted by Judge Newman. Brown makes no argument for reconsideration of a conclusion which was not objected to. Nor does he point to any evidence of actual innocence which would satisfy *Schlup*.

      The Conclusion to the Motion for Reconsideration reads in full:

> These errors show erroneous findings of fact and errors of law of the Report and Recommendation, for not following the vertical and horizontal stare decisis, and no reasonable jurists would disagree with Petitioners arguments of the Constitutional errors shown.
>
> Petitioner is asking this Court for a review of the issues presented which allow for a new trial. If this Court is not inclined to order a new trial, Petitioner asks for an evidentiary hearing in this Court or at the very least an evidentiary hearing in the trial Court, to clarify the facts of the errors presented. It would be a miscarriage of justice to not review these errors.
>
> If not Petitioner should be given a C.O.A. and be allowed to proceed informa [sic] pauperis for an appeal due to a strong showing of denial of Constitutional rights, they are not frivolous and these claims are brought in good faith.

(Motion, ECF No. 63, PageID 2370).

---

[1] The time limit set by rule is ninety days.

7

The Conclusion demonstrates Petitioner's misunderstanding of the purpose and limits of a Motion under Fed.R.Civ.P. 59(e).  It allows a trial court to consider whether that court has made clear errors of law in its final judgment.  It is not a vehicle for rearguing claims already decided or for reviewing possible errors made at prior stages of a case.  Brown has not shown any clear errors of law in Judge Newman's final decision.  His Motion for Reconsideration Pursuant to Rule 59(e) should therefore be DENIED.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

June 3, 2022.

s/ *Michael R. Merz*  
United States Magistrate Judge