# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY BROWN, II,

                         Petitioner,     :      Case No. 3:20-cv-00113
                                                    Related Case No. 3:25-cv-00023

     - vs -                                  District Judge Michael J. Newman
                                          Magistrate Judge Michael R. Merz

WARDEN,
 Noble Correctional Institution,

                                               :
                    Respondent.

---

# TRANSFER ORDER

---

This habeas corpus case is before the Court on Petitioner's Motion Pursuant to Federal Civil Rule 60(d)(the "Motion"),  Although Petitioner previously was proceeding *pro se*, he is now represented by Attorney John Manuel Gonzales, the counsel who also represented him in the related case referenced in the caption.

The judgment which is sought to be set aside is the final judgment of May 9, 2022 (ECF No. 60) which dismissed the case with prejudice.  Petitioner sought a certificate of appealability from the circuit court which that Court denied one on September 9, 2024 (ECF No. 80).

On January 23, 2025, now represented by Attorney Gonzales, Petitioner filed a new habeas corpus case directed to the same conviction of which he complained in this case (Case No. 3:25-cv-00023, hereinafter the "New Case").  The undersigned determined that the New Case was a second or successive petition which required the permission of the circuit court before it could

1

proceed and transferred the case to the circuit court for its consideration of that issue (New Case ECF No. 5). Accepting the transfer[1], the circuit court on June 20, 2025, denied permission to proceed (New Case ECF No. 6).

Attorney Gonzales then filed the instant Motion on Petitioner's behalf on June 17, 2026. The Motion asserts the final judgment should be vacated because it was procured by the fraud of Assistant Attorney General William Lamb when he filed the State Court Record in this case (Motion, ECF No. 83, PageID 2520). Petitioner enumerates the instances of alleged fraud as follows:

> **Claim One:** The Respondent Willfully Concealed And Suppressed The 2014 Preble County Children's Services Report Concerning The Alleged Victim, B.H., In Mr. Brown's Criminal Case 15cr011706 And Represented That Christine "Shinn" Woodruff Was A "Different Victim" From 1996 When In Fact Ms. Woodruff Had Produced An Affidavit To The Contrary. (See Claim Two) Thereby Affecting This Court's Decision On Several Grounds And Claims In Mr. Brown's First Petition For A Writ Of Habeas Corpus (Doc.No.3) By Way Of Biasing This Court. This Had An Adverse Effect On This Court's Decision Of Ground One, P.7, Ground Three, P.1-3 And Ground Four, P.1-2, P.4-5 And P.8 Of Mr. Brown's 2254 Petition.
>
> **Claim Two:** The Respondent Represented That Christine "Shinn" Woodruff Was A "Different Victim" From 1996. Then Noted The Response From The State Proving That The Falsified Police Report And The Falsified Preble County Children's Services Report From 1996 Being Read By The Trier Of Facts, Could Cause Irreparable Harm To A Case. This Is True Because The 1996 False Reports and The 2014 False Reports Are "Eerily Similar." These Falsified Reports Of A "Different Victim" Was Seen By The Trier Of Fact and By This Court And Had To Cause Harm To Mr. Brown's Case By Way Of A Bias Trier Of Facts And This Court. Thereby Affecting This Court's Decision On Several Grounds And Claims In Mr. Brown's First Petition For A Writ Of Habeas Corpus

---

[1] Inferentially agreeing with this Court's determination that the Petition was second or successive. When the circuit court disagrees with a conclusion of that a petition is second or successive, it typically remands the case.

(Doc.No.3).By Way Of Biasing This Court. This Had An Adverse Effect On This Court's Decision Of Ground One, P.7, Ground Three, P.1-3 And Ground Four, P.1-2, P.4-5 and P.8 Of Mr. Brown's 2254 Petition.

**CLAIM THREE:** The Respondent Presented Known False Statements About Material And Positive Character Witnesses Not Testifying Favorably For Mr. Brown Had They Known The Charges Against Him. This Fraud Had To Further Effect [sic] This Court's Decision On Mr. Brown's Ground One P.7, Because The Statements Are Clearly False And Misleading Which Were Designed To Bias This Court Against Mr. Brown. The Following Will Demonstrate The Witnesses Did Testify At Mr. Brown's Trial And Respondent Clearly Knew This As The Testimony Is In The State Court Record, Respondent Filed In This Court.

**CLAIM FOUR:** The Respondent Has Committed Fraud Upon The Federal Court By Concealing And Suppressing The Favorable And Material Dayton Children's Hospital Report That The State Has Now Acknowledged In Their Trial Court Brief And Appellate Brief. This Issue Demonstrates The Prosecutorial Misconduct And The Ineffective Assistance Of Counsel Mr. Brown Asserted In In His Original Petition.

**CLAIM FIVE:** The Respondent Has Committed Fraud Upon The Federal Court By Concealing And Suppressing The Favorable And Material 2015 Samaritan Behavioral Health Reports That The State Has Now Acknowledged In Their Trial Court Brief And Appellate Brief. This Is Relevant Due To The Fact That Mr. Brown Was Indicted On February 2nd 2015 And The 2015 Samaritan Report Was Started On 4-25- 15 and Ended On 12-12-15.

**CLAIM SIX:** The Respondent Concealed And Suppressed The Fact That The State's Witness Dr. Vosler Was Aware Of Other False Allegations Made By B.H. Against Two Other Persons. The State Investigated Those Prior False Allegations Without Disclosing Dr. Vosler's Knowledge Of The False Allegations. A Report Of That Investigation Is Quoted Below.

**CLAIM SEVEN:** The Respondent Concealed And Suppressed The Fact That The State's Witness Dr. Vosler Was Always In Mr. Brown And B.H.'S Presence When And Where The Alleged Abuse Occurred. This Was Told To Detective Schneider That Failed To Put It In A Report From Dr. Vosler.

(Motion, ECF No. 83, PageID 2516-17).

3

When Petitioner sought leave to proceed with his second Petition in the circuit court, that court denied his application, citing six claims made in his corrected application (Order, *In re Larry Brown*, 6th Cir. Case No. 25-3050, June 20, 2025)(unpublished, copy at New Case ECF No. 6). The Sixth Circuit Order does not reproduce Brown's claims in his corrected application nor have those claims been otherwise made available to this Court, so the undersigned cannot directly compare those claims with the claims made in the instant Motion.  Nonetheless there appear to be at least some parallels:  the claims quoted above advert to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  Thus it may be that the instant Motion is barred at least in part by *res judicata* by virtue of the Sixth Circuit's denial of permission to proceed in the New Case.

The application of *res judicata* as between two applications for permission to proceed on a second or successive habeas petition is a question of first instance in this Court and one that is properly decided by the Sixth Circuit.

Without purporting to decide that issue, the Court finds the instant Motion is legally equivalent to a second or successive petition which this Court does not have jurisdiction to decide. A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court.  *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016). If a purported motion for relief from judgment attacks the conviction rather than the district court's judgment, it should be transferred to the circuit court for permission to file.  *United States v. Alford*, Case No. 11-4067 (6th Cir. Nov. 12, 2013)(unreported, copy at 3:00-cr-065, Doc. No. 156), citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and *In re Sims*, 111 F.3d 45 (6th Cir. 1997).   The instant Motion does "attack" the judgment, but reads in terms which, if accepted, would render the underlying state court judgment voidable.  Because a District Court lacks

jurisdiction to consider a second or successive petition without circuit permission and federal courts are always bound to consider *sua sponte* whether or not they have jurisdiction, the safer course is to transfer the case to the circuit court for their consideration,  The undersigned is confident the circuit court will promptly remand the matter if it finds the transfer was improvident.

Accordingly, the Clerk is ORDERED to transfer the instant Motion to the United States Court of Appeals for the Sixth Circuit for its determination of whether this Court may proceed to decide the Motion.

June 18, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge